UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-21694-CIV-MORENO

VALORO, LLC and VALORO SYSTEMS,
LLC,

      Plaintiffs,

vs.

VALERO ENERGY CORPORATION,
VALERO MARKETING AND SUPPLY
COMPANY, VALERO PAYMENT
SERVICES COMPANY,

      Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM AND GRANTING PLAINTIFFS' MOTION FOR MORE DEFINITE STATEMENT

THIS CAUSE came before the Court upon the Plaintiffs' Motion to Dismiss Defendants' Counterclaim as to Counts VI, VII, and VIII and Plaintiffs' Motion for More Definite Statement as to Counts I and V **(D.E. No. 14)**, filed on **July 1, 2014**. It is **ADJUDGED** that Plaintiffs' Motion to Dismiss Counts VI, VII, and VIII (Florida and Texas Unfair Competition, and Unjust Enrichment), pursuant to Rule 12(b)(6) of the Rules of Civil Procedure, is DENIED, and Plaintiffs' Motion for a more definite statement regarding Counts I and V (Federal Trademark Infringement and Unfair Competition is GRANTED.[1] The Court finds that Defendants sufficiently plead Counts IV,

---

[1] Plaintiffs' Motion is incorrectly stylized categorically as a "Motion for Dismissal," and that Plaintiffs incorrectly request "dismissal of Counts I and V of Valero's Counterclaim under Federal Rule 12(e)" in the "Introduction and Overview" (Section I, page 3) of its motion. Plaintiffs appear to recognize this in the remainder of their motion, however, which seeks only a more definite statement under Rule 12(e) regarding Counts I and V.

VII, and VIII in their Counterclaim; however, Counts I and V are ambiguous as to which trademarks Defendants are alleging infringement. The Counterclaim references a plurality of trademarks that Defendants possess but does not identify which are allegedly infringed. With the short window of discovery currently in this Court's scheduling order, and in light of the need to alert Plaintiffs as to the exact trademarks purportedly infringed, a more definite statement is needed.

I.   Factual Background

Plaintiffs Valoro LLC and Valoro Systems, LLC ("Valoro") filed a three-count declaratory action against Defendants Valero Energy Corporation, Valero Marketing and Supply Company, and Valero Payment Services Company ("Valero") under the Lanham Act in May 2014. In that action, Plaintiffs sought a finding that their adoption, use, and efforts of registering before the United Stated Patent & Trademark Office ("USPTO") the name Valoro Systems does not infringe, dilute or constitute any form of unfair competition to Valero Energy Corporation. They cited the difference in their underlying businesses, as well as the different services and application of Valero's mark. Count I of Plaintiffs' declaratory complaint seeks a finding that its adoption and use of the name Valoro Systems for its marketing of pre-paid cards, payroll cards, or other processing of network certified payment cards, does not infringe Valero's seventeen identified registrations maintained before the USPTO, most of which are focused on Valero-controlled points of sale (*i.e.,* Valero station convenience store services, automobile service stations, and oil refinement/processing).

In June, Valero answered Plaintiffs' declaratory complaint and contemporaneously brought a nine-count counterclaim that not only addressed affirmative claims under the Lanham Act but also additional Texas and Florida state common law claims sounding in unjust enrichment and unfair competition. Valero brought claims under 15 U.S.C. § 1114(1) for infringement of certain registered

marks (Count I), as well as 15 U.S.C. § 1125(a) for Federal common law infringement (Count V). In response, Plaintiffs filed this Motion to seek Rule 12(b)(6) dismissal of Counts VI, VII and VIII and to request that Valero identify the exact registered trademarks it purports are infringed in Count I, and which common law rights it suggests are infringed in Count V.

II.   Legal Standard

Rule 12b(6) of the Federal Rules of Civil Procedure allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss tests the sufficiency of the allegations in a complaint. To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Stated differently, a complaint must "possess 'enough heft' to demonstrate that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Wilchombe v. Tee Vee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009) (*citing Twombly*, 550 U.S. at 555)). Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

To prevail on a motion for more definite statement pursuant to Rule 12(e), a party must show that "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). "The propriety of granting such a motion lies completely within the sound discretion of the trial court." *United*

*States v. Metro Dev. Corp.*, 61 F.R.D. 83, 85 (N.D. Ga. 1973). The motion should be granted only if "the pleading is so vague or ambiguous that the opposing party cannot respond in good faith or without prejudice to himself." *BB In Tech. Co., Ltd. v. JAF, LLC*, 242 F.R.D. 632, 640 (S.D. Fla. 2007) (*quoting Adelphia Cable Partners, L.P. v. E & A Beepers Corp.*, 188 F.R.D. 662, 665 (S.D.Fla.1999)). "The burden is on the movant to demonstrate that the complaint is so vague or ambiguous that they cannot respond, even with a simple denial, in good faith or without prejudice to them....A motion for a more definite statement will be denied where Plaintiffs' complaint gives the Defendants fair notice of the nature and basis of the claim as well as a general indication of the type of litigation involved and Plaintiffs complaint contains 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Queen's Harbour Yacht & Country Club Ass'n, Inc. v. Lee*, 2010 WL 1030740 (M.D. Fla. Mar. 18, 2010).

III. <u>Legal Analysis</u>

    A. <u>Plaintiffs' Motion to Dismiss Counts VI, VII, and VII of Defendants' Counterclaim Under Rule 12(b)(6) Fails As a Matter of Law</u>

Plaintiffs move to dismiss Valero's claims for Florida common law unfair competition (Count VI), Texas common law unfair competition (Count VII), and unjust enrichment under Florida state law and Texas state law (Count VIII), stating that Valero fails to provide a sufficient legal basis to state actionable claims.

    1. Valero has asserted facts sufficient to state a claim for Florida Common Law Unfair Competition (Count VI)

Plaintiffs seek to dismiss Valero's claim for unfair competition under Florida law, asserting that the claim is solely based on a conclusory allegation that Plaintiffs' acts constitute unfair

competition. Contrary to Plaintiffs' allegation, the Court determines that Valero has set forth sufficient facts to state a claim for unfair competition to survive a motion for summary judgment.

A party may prevail on a Florida common law unfair competition claim by proving that (1) the plaintiff is the prior user of the trade name or service mark, (2) the trade name or service mark is arbitrary or suggestive or has acquired secondary meaning, (3) the defendant is using a confusingly similar trade name or service mark to indicate or identify similar services rendered (or similar goods marketed) by it in competition with plaintiff in the same trade area in which plaintiff has already established its trade name or service mark, and (4) as a result of the defendant's action or threatened action, consumer confusion as to the source or sponsorship of the defendant's goods or services is likely. *Am. United Life Ins. Co. v. Am. United Ins. Co.*, 731 F. Supp. 480, 486 (S.D. Fla. 1990).

Valero's pleading meets this standard. Specifically, Valero has alleged that (1) Valero is active in the credit card services field and has continuously used its inherently distinctive Valero marks in connection with credit card and gift card services since at least 2002, long before Valoro's first use of its marks; and (2) Plaintiffs are using infringing Valoro designations in connection with a competing business (*i.e.*, prepaid payment cards and payroll cards), which is likely to result in consumer confusion. Valero has therefore pleaded that Plaintiffs' infringing conduct is directly related to the same trade area in which Valero has already established its trade name and common law trademark rights. Valero further alleged the customer confusion resulting from Plaintiffs' acts. In sum, Valero has successfully stated a claim for unfair competition under Florida law. Plaintiffs' motion to dismiss Count VI is denied.

2. Valero has asserted facts sufficient to state a claim for Texas Common Law Unfair Competition (Count VII)

Plaintiffs also seek to dismiss Valero's Texas common law unfair competition claim, asserting that Valero bases its unfair competition claim on a theory of misappropriation rather than trademark infringement. To state a claim for common law trademark infringement and unfair competition under Texas law, a plaintiff must allege that another person has used "(1) any reproduction, counterfeit, copy or colorable imitation of a mark (2) without the registrant's consent (3) in commerce (4) in connection with the sale, offering for sale, distribution or advertising of any goods (5) where such use is likely to cause confusion, or to cause mistake or to deceive." *Svc. Merchandise Co. v. Svc. Jewelry Stores, Inc.*, 737 F. Supp. 983, 991 (S.D. Tex. 1990) (*citing* 15 U.S.C. § 1114(1)); *see also Westchester Media v. PRL USA Holdings, Inc.*, 214 F.3d 658, 663, n.1 (5th Cir. 2000) (the analysis of federal trademark infringement claim controls disposition of Texas state law unfair competition claim).

The Court notes that a man "hears what he wants to hear but disregards the rest." Simon & Garfunkel, "The Boxer", Bridge Over Troubled Water (1969). Contrary to Plaintiffs' assertions, the Court determines that Valero unambiguously pleaded that "acts of Valoro . . . constitute trademark infringement and unfair competition in violation of the common law of Texas." ¶ 46, Dkt. No. 8. Count VII of Valero's Counterclaim certainly possesses "enough heft" to demonstrate that they are entitled to relief. *Twombly*, 550 U.S. at 557, demonstrating that Valero offers a variety of goods and services under its marks, including credit card services that are highly similar to the payment-card-related services offered by Plaintiffs under the infringing Valoro designations. Because allegations in Valero's Counterclaim state a claim for trademark infringement and unfair competition, Plaintiffs'

motion to dismiss that claim must fail.

>   3. Valero has asserted facts sufficient to state a claim for Florida and Texas Common Law Unjust Enrichment (Count VIII)

Valero has also properly asserted a claim for unjust enrichment under both Florida and Texas law. Valero set forth in detail the benefits conferred upon Plaintiffs by alleging Valero's long-established rights in the Valero marks and Valero's significant investments in establishing and promoting its marks through investment of time, money and effort in promoting the goods and services offered under the marks. Valero further alleged how Plaintiffs' use of the Valoro designations enable Plaintiffs to "to trade on and receive the benefit of goodwill built up at great labor and expense over many years by Valero, and to gain acceptance for its business, products, and services not solely on their own merits, but on the reputation and goodwill of Valero and its products and services." Finally, Valero explains, "Valoro has been and continues to be unjustly enriched at Valero's expense" by its use of the Valoro designations. These allegations are also explicitly incorporated into Count VIII. The pleadings thereby satisfy the requirements for an unjust enrichment claim under both Florida and Texas law; namely, they identify specific benefits conferred upon Plaintiffs by Valero, Plaintiffs' acceptance and use of those benefits through the creation and use of the Valoro designations, and the alleged inequities that have resulted from Plaintiffs' use of the Valoro designations. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1274 (11th Cir. 2009); *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992).

>   B. Plaintiffs Satisfy the Standard for a Motion for a More Definite Statement (Counts I and V)

The Court finds that Plaintiffs warrant a more definite statement by Defendants as to the alleged trademarks infringed. Plaintiffs request in their Motion that Defendants identify "the specific trademarks that Valero contends that Plaintiffs have infringed under Counts I and V of the Counterclaim." It has been long held that a party should identify the actual trademark and/or registration alleged to be infringed when making a claim of trademark infringement. *See, e.g., Esquire, Inc. v. Lewis*, 16 F.R.D. 246, 246 (S.D.N.Y. 1954) (granting motion for more definitive statement as "[t]he cause of action for infringement of a registered trade-mark shall identify the trade-mark and its registration"). A "[c]omplaint lacks the requisite specificity [when] it does not identify every trademark which was allegedly infringed." *Louisiana Pacific Corp. v. James Hardie Building Products, Inc.*, 2012 U.S. Dist. LEXIS 162980, at * 1-2, 6 (N.D. Cal. Nov. 14, 2012) (ordering trademark owner to "amend its Complaint to specifically identify each and every mark that Defendant allegedly infringed" as such a requirement "is not an overly burdensome requirement and is necessary to provide [an accused infringer] with adequate notice").

Merely listing a plurality of marks which a trademark holder has acquired prior rights through use in commerce is not enough to put a party on notice of trademark infringement, nor is it appropriate for a party to make the blanket statement that the accused infringers "have infringed its registered and unregistered marks." *Monster Cable Prods. v. Euroflex S.R.L.*, 642 F. Supp. 2d 1001, 1010 (N.D. Cal., July 10, 2009) (ordering the mark holder "to provide a more definitive statement . . . identifying each of its marks, whether registered or unregistered, that have allegedly been infringed."). As such, a party alleging trademark infringement should identify the specific marks allegedly infringed. *See e.g. RE/MAX, LLC v. Underwood*, 2011 US. Dist. LEXIS 55943, at *11 (D. Md., May 24, 2011) (granting motion for a more definite statement where the defendant alleged the

plaintiff infringed unidentified trademarks resulting in confusion as to which marks the plaintiff was allegedly infringing). Here, the general allegations in Valero's Counterclaim (specifically ¶¶ 9-10, 14, 16, and 23-31) present a plurality of marks Valero contends it uses, rather than specifying which marks (either registered or unregistered) are infringed. Appropriate clarification is not provided, moreover, in its Response to this Motion.

With the short window of discovery currently in this Court's scheduling order, and in light of the need to alert Plaintiffs as to the exact trademarks purportedly infringed (rather than just what marks Valero purports to own), a more definite statement is needed.

IV.     Conclusion

For the foregoing reason, this Court DENIES Plaintiffs' Motion to Dismiss Defendants' Counterclaim as to Counts VI, VII, and VIII and GRANTS Plaintiffs' Motion for More Definite Statement as to Counts I and V. Defendants shall submit a more definite statement as to Counts I and V of their Counterclaim by **August 28, 2014**.

DONE AND ORDERED in Chambers at Miami, Florida, this _11_ day of August, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

9